# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| VALEDIA GROSS | * |
| Plaintiff, | * |
| v. | * |
| MORGAN STATE UNIVERSITY, et al. | * |
| | * Case No. 17-CV-00448-jkb |
| Defendants. | |

\* \* \* \* \* \* \* \* \* \*

## DEFENDANTS' MOTION FOR LEAVE TO LATE-FILE ANSWER

Defendants, Morgan State University ("the University") and Joyce Brown, by their Attorneys, Brian E. Frosh, Attorney General of Maryland, and Thomas Faulk, Assistant Attorney General, pursuant to the Court's Order of April 20, 2017 (ECF No. 10.), and Fed. R. Civ. P. 12(a)(1)(A)(i), hereby request for good cause leave of court to late-file Defendants' Answer for the reasons set forth in the accompanying memorandum and supporting documents

WHEREFORE, Defendants request that Defendants' Answer to the Complaint be accepted, and Plaintiff's Motion for Default be denied. A proposed order accompanies this Motion.

Respectfully submitted,

BRIAN E. FROSH
Attorney General of Maryland

_/s/ Thomas Faulk_
THOMAS FAULK

Assistant Attorney General
Office of the Attorney General
200 St. Paul Place, 17th Floor
Baltimore, Maryland 21202-2021
(410) 576-6483

Counsel for Defendants

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **VALEDIA GROSS** | \* |
| Plaintiff, | \* |
| v. | \* |
| **MORGAN STATE UNIVERSITY,** et al. | \* |
| | \*    Case No. 17-CV-00448-jkb |
| Defendants. | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO LATE-FILE ANSWER

Defendants, Morgan State University ("the University" or "MSU"), and Joyce Brown, through their attorneys, Brian E. Frosh, Attorney General of Maryland, and Thomas Faulk, Assistant Attorney General, pursuant to the Court's Order of April 20, 2017, and Fed. R. Civ. P. 12(a)(1)(A)(i), hereby submit this memorandum of good cause in support of their motion for leave to late-file their answer to the complaint with permission of the court.

## BACKGROUND

On February 11, 2017, the plaintiff Valedia Gross ("plaintiff") filed suit against Morgan State University, and Joyce Brown. On March 15, 2017, summonses

1

were issued by the United States District Court for the District of Maryland and served on March 20, 2017 (Defendant Morgan State University- Office of the Attorney General) and March 21, 2017 (Defendant Joyce Brown-Morgan State University). The complaint in this case is a twelve page, single spaced pro se complaint that alleges "unlawful employment practices and retaliation against Plaintiff, including Defendant's unlawful discrimination, harassment and retaliation against Plaintiff based on race/color, age, gender, national origin, genetic information and/or disabilities, and . . . retaliation and harassment, in violation of Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. §1981 ("Section 1981; Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C.§§2000e to 2000e-17 (race, color, gender, religion, national origin); Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§624 to 634; Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§12112 to 12117 and, 28 U.S.C. Section 2201." Complaint at 2-13. In addition, Plaintiff alleges violations of the Equal Pay Act and specific civil rights violations related to genetic information and pregnancy. More importantly, however, Plaintiff affirmatively states that she "exhausted administrative remedies in accordance with 42 U.S.C. Section 20000e-16(c) in that she filed an Administrative EEOC Complaint asserting that her termination was in

retaliation for engaging in protected activity under TITLE VII, ADA, Genetic Information Nondiscrimination Act, ADEA and EPA."

Shortly after service of the complaint on the office of the Attorney General, the office of the Attorney General began the collection of documents from the Morgan State University office of Human Resources and the office of Equal Employment and Diversity ("EEO") regarding Plaintiff's claims. See Affidavit of Armada W. Grant at p. 6 ("Exhibit No. 1"). The voluminous documents gathered were necessary to respond to Plaintiff's complaint and approximately 55 paragraph single spaced complaint with multiple factual allegations included in each paragraph. Although Defendant Brown was served with the complaint, she did not contact the office of Human Resources who mistakenly assumed she had not been served. See Exhibit 1 at paragraph. 6. Once it was confirmed that Defendant Joyce Brown was also served, Defendant Brown consulted with the office of the Attorney General and formally requested representation pursuant to Section 12-304 of the State Government Article of the Annotated Code of Maryland. Pursuant to Section 12-304, the office of the Attorney General began investigating the facts to determine whether the employee was acting within the scope of employment and without malice or gross negligence. Collection and review of the AA/EEO documents and exhibits was necessary to both conclude the representation investigation and review

3

the many factual allegations in the complaint. The office of Human Resources assisted with the collection of the necessary information for the Office of the Attorney General. See Exhibit No. 1 at paragraph. 7.

Due to several planned and unplanned absences of employees in the office of Equal Employment and Diversity, Morgan State University was delayed in retrieving the official file regarding Plaintiff's allegations and specific claims before the U.S. Equal Employment Opportunity Commission ("EEOC"). See Exhibit No. 1 at 7. For example, once documents regarding Plaintiff's EEOC filing were obtained and reviewed, it became apparent that Plaintiff had failed to allege discrimination under Title VII of the Civil Rights Act, the Equal Pay Act, the Americans with Disabilities Act, and the Genetic Information Nondiscrimination Act (GINA). See Af at paragraph 6. Moreover, the University had no information that Plaintiff had filed a tort claim with the Maryland State Treasurer's office as required by the Maryland Tort Claims Act. Thus, Plaintiff had failed to exhaust her administrative remedies despite her allegations to the contrary in the complaint.

On or about April 20, 2017, the office of Human Resources forwarded additional documents and Defendants confirmed the information in order to answer the complaint. At this time, the University has submitted denials as to all of Plaintiff's claims, and specifically, allege that many of Plaintiff's claims are subject

to dismissal for failure to exhaust administrative remedies. See Exhibit No. 1, Attachment 1, 2.

Defendants intend to move for partial dismissal of the complaint on the ground that there has been a failure to exhaust administrative remedies both with regard to the U.S. Equal Employment Opportunity Commission procedures and the Maryland Tort Claims Act pre-litigation investigation process in violation of §12-106 of the State Government Article, Maryland Annotated Code.

On October 16, 2014, Plaintiff complained to the EEOC (See Exhibit 1.) alleging that she was discriminated and retaliated against on the basis of age from 8-01-2013 to 04-15-2014. See Exhibit 1, Attachment 1. On December 21, 2014, Plaintiff filed a complaint with the Baltimore Community Relations Commission alleging the same discrimination from her earlier EEOC complaint. Exhibit 1, Attachment 2. Following a mediation and investigation, the EEOC investigated the Plaintiff's claim of age discrimination and issued a right to sue letter on November 14, 2016. Exhibit 1, Attachment 3. Plaintiff did not allege discrimination or retaliation as set forth in her complaint. Specifically, there were no claims as to the Equal Pay Act or discrimination or retaliation on the basis of color, race, gender, pregnancy, genetic information or disability.

## CONCLUSION

Defendants Morgan State University and Joyce Brown respectfully request that the Court extend the deadline for the filing of Defendants" Answer until April 20, 2017. It is the Defendants' position that based on the above circumstances and defenses set forth by Defendants, there is sufficient basis for a finding a good cause to excuse the late filing of Defendants' Answer.

Respectfully submitted,

BRIAN E. FROSH
Attorney General of Maryland

*Thomas Faulk*

Thomas Faulk
Assistant Attorney General
200 St. Paul Place, 17th Floor
Baltimore, MD 21202
(410) 576-6450

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27TH day of April, 2017, a copy of Defendants' Motion for Leave to Late-File Defendants' Answer, supporting memorandum, and Order were mailed, first-class, postage prepaid, to: Valedia Gross, 4018 Carlisle Avenue, Baltimore, Maryland 21216, Plaintiff.

_Thomas Faulk_
Thomas Faulk

Attorneys for Defendants

| Valedia E. Gross, | * | IN THE |
|---|---|---|
| Plaintiff, | * | U.S. DISTRICT COURT |
| v. | * | FOR |
| MORGAN STATE UNIVERSITY, et.al | * | MARYLAND |
| Defendant. | * | Civil No. JKB-17-0448 |

* * * * * * * * * * * * *

## AFFIDAVIT OF ARMADA W. GRANT

1. I, Armada W. Grant, am over eighteen years of age and am competent to testify to the matters set forth herein.

2. I currently serve as the Director of Human Resources at Morgan State University. I am aware of the complaint and I am the supervisor of the Office of Equal Employment Oppotunity and Diversity. In late March, early April, I assisted with the collection of information necessary for the filing of the Defendant's answer in the above case.

3. I am aware of the above-captioned lawsuit filed by Valedia E. Gross arising out of Morgan State University's employment of Ms. Gross until April 15, 2014.

4. On October 16, 2014, Plaintiff complained to the U. S. Equal Employment Opportunity Commission, claiming to have been discriminated and retaliated against on the basis of age from "August 1, 2013 to April 15, 2014." See Attachment 1. On December 21, 2014, Plaintiff filed with the Baltimore Community Relations Commission alleging discharge, harassment and

Exhibit 1

retaliation in violation of the Age Discrimination and Employment Act of 1967 as amended. See Attachment 2.

5. Following a mediation, the EEOC investigated the Plaintiff's claim of age discrimination and issued a right to sue letter on November 14, 2016. See Attachment 3.

6. Shortly after service of the complaint on the Office of the Attorney General, the Office of Human Resources began collecting the voluminous documents to assist with answering the complaint at the request of the Attorney General's Office. Although Defendant Brown was served with the complaint, she did not contact the Office of Human Resources, who had mistakenly assumed she had not been served.

7. The Office of Human Resources assisted with the collection of the necessary information for the Office of the Attorney General. Due to several planned and unplanned absences of employees in the Office of Equal Employment Opportunity and Diversity, the Office of Human Resources was unable to timely obtain copies of documents regarding Plaintiff's allegations and specific claims before the U.S. Equal Employment Opportunity Commission. For example, once documents regarding Plaintiff's EEO filing were obtained and reviewed, it failed to exhaust her administrative remedies.

I SOLEMNLY AFFIRM under the penalties of perjury and upon personal knowledge that the contents of the foregoing Affidavit are true.

*Armada W. Grant*
ARMADA W. GRANT

Dated April 27, 2017

EEOC FORM 131 (11/09)

# U.S. Equal Employment Opportunity Commission

|  |  |
|---|---|
| Ms. Armada Grant<br>Director of Human Resources<br>MORGAN STATE UNIVERSITY<br>1700 E Cold Spring Lane<br>Baltimore, MD 21251<br><br>RECEIPT OCT 20 2014 | **PERSON FILING CHARGE**<br><br>**Valedia E. Gross**<br><br>THIS PERSON (check one or both)<br>[X] Claims To Be Aggrieved<br>[ ] Is Filing on Behalf of Other(s)<br><br>EEOC CHARGE NO.<br>**531-2015-00085** |

## NOTICE OF CHARGE OF DISCRIMINATION
(See the enclosed for additional information)

This is notice that a charge of employment discrimination has been filed against your organization under:

[ ] Title VII of the Civil Rights Act (Title VII)   [ ] The Equal Pay Act (EPA)   [ ] The Americans with Disabilities Act (ADA)

[X] The Age Discrimination in Employment Act (ADEA)   [ ] The Genetic Information Nondiscrimination Act (GINA)

The boxes checked below apply to our handling of this charge:

1. [X] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [ ] Please provide by a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [ ] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by to

If you DO NOT wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

Pamela G. Lichtenberg,
Intake Supervisor
*EEOC Representative*
Telephone (410) 209-2720

**Baltimore Field Office**
**10 South Howard St**
**3rd Floor**
**Baltimore, MD 21201**
**Fax: (410) 209-2221**


RECEIVED OCT 21 2014

Enclosure(s): [ ] Copy of Charge

### CIRCUMSTANCES OF ALLEGED DISCRIMINATION
[ ] Race   [ ] Color   [ ] Sex   [ ] Religion   [ ] National Origin   [X] Age   [ ] Disability   [X] Retaliation   [ ] Genetic Information   [ ] Other

ISSUES: Discharge, Harassment, Intimidation, Terms/Conditions

DATE(S) (on or about): EARLIEST: 08-01-2013   LATEST: 04-15-2014

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| October 16, 2014 | Rosemarie Rhodes,<br>Director | *Rosemarie Rhodes* |

Attachment 1

## INFORMATION ON CHARGES OF DISCRIMINATION

### EEOC RULES AND REGULATIONS

Section 1601.15 of EEOC's regulations provides that persons or organizations charged with employment discrimination may submit a statement of position or evidence regarding the issues covered by this charge.

EEOC's recordkeeping and reporting requirements are found at Title 29, Code of Federal Regulations (29 CFR): 29 CFR Part 1602 (see particularly Sec. 1602.14 below) for Title VII and the ADA; 29 CFR Part 1620 for the EPA; and 29 CFR Part 1627, for the ADEA. These regulations generally require respondents to preserve payroll and personnel records relevant to a charge of discrimination until disposition of the charge or litigation relating to the charge. (For ADEA charges, this notice is the written requirement described in Part 1627, Sec. 1627.3(b)(3), .4(a)(2) or .5(c), for respondents to preserve records relevant to the charge – the records to be retained, and for how long, are as described in Sec. 1602.14, as set out below). Parts 1602, 1620 and 1627 also prescribe record retention periods – generally, three years for basic payroll records and one year for personnel records. Questions about retention periods and the types of records to be retained should be resolved by referring to the regulations.

**Section 1602.14 Preservation of records made or kept.** . . . . Where a charge ... has been filed, or an action brought by the Commission or the Attorney General, against an employer under Title VII or the ADA, the respondent ... shall preserve all personnel records relevant to the charge or the action until final disposition of the charge or action. The term *personnel records relevant to the charge*, for example, would include personnel or employment records relating to the aggrieved person and to all other aggrieved employees holding positions similar to that held or sought by the aggrieved person and application forms or test papers completed by an unsuccessful applicant and by all other candidates or the same position as that for which the aggrieved person applied and was rejected. The date of *final disposition of the charge or the action* means the date of expiration of the statutory period within which the aggrieved person may bring [a lawsuit] or, where an action is brought against an employer either by the aggrieved person, the Commission, or the Attorney General, the date on which such litigation is terminated.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Section 704(a) of Title VII, Section 207(f) of GINA, Section 4(d) of the ADEA, and Section 503(a) of the ADA provide that it is an unlawful employment practice for an employer to discriminate against present or former employees or job applicants, for an employment agency to discriminate against any individual, or for a union to discriminate against its members or applicants for membership, because they have opposed any practice made an unlawful employment practice by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the statutes. The Equal Pay Act contains similar provisions. Additionally, Section 503(b) of the ADA prohibits coercion, intimidation, threats, or interference with anyone because they have exercised or enjoyed, or aided or encouraged others in their exercise or enjoyment, of rights under the Act.

Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify EEOC if any attempt at retaliation is made. Please note that the Civil Rights Act of 1991 provides substantial additional monetary provisions to remedy instances of retaliation or other discrimination, including, for example, to remedy the emotional harm caused by on-the-job harassment.

### NOTICE REGARDING REPRESENTATION BY ATTORNEYS

Although you do not have to be represented by an attorney while we handle this charge, you have a right, and may wish to retain an attorney to represent you. If you do retain an attorney, please give us your attorney's name, address and phone number, and ask your attorney to write us confirming such representation.

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 531-2015-00085 |

Baltimore Community Relations Commission _____ and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Valedia E. Gross | (410) 542-1045 | 01-21-1959 |

Street Address: 4018 Carlisle Avenue, Baltimore, MD 21216

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| MORGAN STATE UNIVERSITY | 201 - 500 | (443) 885-3333 |

Street Address: 1700 E Cold Spring Lane, Baltimore, MD 21251

DISCRIMINATION BASED ON (Check appropriate box(es).)
☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☒ AGE ☐ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 08-01-2013    Latest: 04-15-2014
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. I was initially hired around April 2012 as a temp employee. Approximately one year later, Joyce Brown, Director of Alumni Relations Office, offered me a contractual secretary position. From day one Ms. Brown discriminated against the older employees in the department by subjecting them to intimidation, harassment, and demeaning behavior. Ms. Brown stated on several occasions that if we (older employees) wanted to stay, we had to do what she told us to do and due to our age if was difficult to find other employment. She also told me that I was old, along with my co-workers. Around August 2013 I was offered a promotion to the position of Administrative Assistant; however, Ms. Brown made it difficult for me to get position. In August 2013 I complained about Ms. Brown's behavior to Shannon Dawkins, Manager, Customer Service and Professional Development. The discrimination and retaliation escalated and I complained again on April 15, 2014. Later that day I was discharged.

II. The reason given for my discharge was because I was an at will employee. After writing the President I was told I was discharged for being incompetent.    (Continued on Page 2)

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date: 12/21/14    Charging Party Signature: Valedia Gross

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

Attachment 2

| EEOC Form 5 (11/09) | | | |
|---|---|---|---|
| **CHARGE OF DISCRIMINATION**<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>**531-2015-00085** |
| **Baltimore Community Relations Commission** | | | and EEOC |
| *State or local Agency, if any* | | | |

III. I believe I was subjected to harassment, intimidation, unequal terms and conditions of employment, and discharge because of my age (55) and in retaliation for engaging in protected activity in violation of the Age Discrimination in Employment Act of 1967, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 12/91/14      *[signature]*<br>Date           Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

EEOC Form 161 (11/09)  U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# DISMISSAL AND NOTICE OF RIGHTS

| To: | Valedia E. Gross<br>4018 Carlisle Avenue<br>Baltimore, MD 21216 | From: | Baltimore Field Office<br>10 South Howard St<br>3rd Floor<br>Baltimore, MD 21201 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 531-2015-00085 | Victor Owolabi,<br>Investigator | (410) 209-2218 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

- NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Rosemarie Rhodes,
Director

NOV 14 2016
(Date Mailed)

Enclosures(s)

cc: Tanyka Barber, Esq.
Director of Diversity and EEO
MORGAN STATE UNIVERSITY
1700 E Cold Spring Lane
Truth Hall, Suite 103
Baltimore, MD 21251

RECEIVED NOV 22 2016 EEO

Attachment 3

Enclosure with EEOC
Form 161 (11/09)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – not 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice *and* within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **VALEDIA GROSS** | * | |
| Plaintiff, | * | |
| v. | * | |
| **MORGAN STATE UNIVERSITY,** et al. | * | |
| | * | Case No. 17-CV-00448-jkb |
| Defendants. | | |

\* \* \* \* \* \* \* \* \* \*

## ORDER

Upon consideration of Defendants' Motion for Leave to Late-File Answer, and supporting memorandum and exhibits setting forth good cause, and Plaintiff having had the opportunity to respond, it is this _____ day of _____, 2017,

ORDERED that the time for filing of Defendants' Answer is hereby extended until April 20, 2017 and Plaintiff's motion is therefore denied.

_____
JUDGE