UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

November 8, 2017

Valedia Gross
4018 Carlisle Avenue
Baltimore, Maryland 21216

Catherine A. Bledsoe
Maryland Office of the Attorney General
Assistant Attorney General
200 St. Paul Place, 17th Floor
Baltimore, Maryland 21202

      RE:   *Valedia Gross v. Morgan State University, et. al.*;
               Civil No. JKB-17-448

Dear Ms. Gross and Counsel:

      This matter has been referred to me for discovery disputes and related scheduling matters. [ECF No. 49]. Plaintiff Valedia Gross, who proceeds *pro se*, filed this lawsuit against Defendants Morgan State University and Joyce Brown ("Defendants"), alleging employment discrimination based on race, age, and disability, in violation of various federal laws. [ECF No. 1]. Ms. Gross filed a Motion to Compel Discovery. [ECF No. 46]. Defendants filed an Opposition [ECF No. 47], and Ms. Gross replied thereto. [ECF No. 52]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Ms. Gross's Motion to Compel is DENIED.

      As Defendants note, Ms. Gross has not clearly outlined any specific relief she seeks. Ms. Gross's Motion to Compel appears to request that this Court order Defendants to produce Michon Arrington for deposition, and that this Court impose sanctions for Defendants' alleged false discovery responses and false statements contained in their pleadings. [ECF No. 46]. Specifically, Ms. Gross alleges that Defendants' initial attorney, Thomas Faulk, made "false or fraudulent statements" in Defendants' Motion for Leave to Late-File Answer [ECF No. 11], and that, in subsequent pleadings and discovery responses, Defendants have continued to rely upon those falsities and have failed to correct the record. [ECF No. 46, 4-7, 9-15]. It is unclear, however, which statements Ms. Gross contends are false. Ms. Gross makes only general allegations, such as, "Plaintiff's official copy of the EEOC/FOIA file reveals Defendants' false or fraudulent statements . . . ." [ECF No. 46, 5]. This Court best understands Ms. Gross's position to be that Mr. Faulk provided false statements to obtain leave to late-file an Answer to her Complaint by citing "to the official EEOC/FOIA" file, though Ms. Gross contends he "never had an official copy." [ECF No. 46, 10]; [ECF No. 46-5, 1].

Additionally, Ms. Gross contends that Defendants "fabricated" the employment status of Michon Arrington. [ECF No. 46, 6]. According to Ms. Gross, Defendants falsely stated that Arrington was hired "to perform Plaintiff's Contractual Obligations of Office Secretary, during her employment . . . [and] proved Plaintiff 'incompetent.'" [ECF No. 46, 6]. Ms. Gross argues that Defendants' alleged false statements "influenced" the Court's decision to grant them leave of court to late-file their Answer and that current Counsel, Ms. Catherine Bledsoe, used the same false statements in various filings, including Defendants' September 7, 2017 Answers to Interrogatories and September 22, 2017 Responses to Requests for Admissions. [ECF No. 46, 6, 9].

Ms. Gross's arguments are without merit. First, the fact that Ms. Bledsoe, as of October 10, 2017, had not received a complete file from the EEOC [ECF No. 46-5, 1] does not necessarily render fraudulent Mr. Faulk's reliance on EEOC documents in his April 27, 2017 filing. Ms. Bledsoe reiterated to Ms. Gross: (1) that Mr. Faulk, in his April 27th filing, relied upon the affidavit of Ms. Armada Grant when stating that Defendants were delayed in receiving EEOC documents; and (2) that the University had "not formally request[ed] the file from the EEOC at that time." [ECF No. 46-5, 1]. Nonetheless, it is evident that Mr. Faulk was in possession of some documents from the EEOC, as they were included in his filing as Attachments to the affidavit of Ms. Grant. [ECF No. 11, 12-13, 16-18]. Importantly, this Court finds that Mr. Faulk's references in his filing to the EEOC documents were accurate. Secondly, contrary to Ms. Gross's allegation, Defendants did not "fabricate[]" the employment status of Michon Arrington to prove her "incompetent." [ECF No. 46, 6]. In her affidavit, Defendant Joyce Brown swore only, that once Administrative Assistant DeWayne Davis resigned, his "responsibilities were [temporarily] performed by the remaining staff members[,] including Ms. Gross, Michon Arrington, temp secretary, myself, and the Assistant Director, Ms. Alison Hillen, and the Alumni Officer, Milton Hawkins." [ECF No. 21-1, 4]; [ECF No. 21, 4]. This is the sole context in which Defendants mention Ms. Arrington. [ECF No. 21]. Defendants' allegations of Ms. Gross's poor job performance and "incompeten[ce]" are thus completely independent from and unrelated to Ms. Arrington. *See* [ECF No. 21-1, 1-9]. Further, upon Ms. Brown discovering that she was mistaken about the timing of Ms. Arrington's employment – that she had not been employed until after Ms. Gross had been terminated – Defendants disclosed this fact to the Court. [ECF No. 46-7, 2 n.1]. This Court fails to find that the mistake prejudiced Ms. Gross in any manner.

Moreover, to the extent any inaccuracies existed in Defendants' Motion for Leave to Late-File Answer [ECF No. 11], it is unlikely that, in their absence, Ms. Gross would have been entitled to a Default Judgment. "[A]s a general matter, defaults [should] be avoided and [] claims and defenses [should] be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) (citing *Tazco, Inc. v. Director, Office of Workers Comp. Program, U.S. Dep't of Labor*, 895 F.2d 949, 950 (4th Cir. 1990) ("The law disfavors default judgments as a general matter.")); *Consol. Masonry & Fireproofing*, 383 F.2d 249, 251 (4th Cir. 1967) ("Generally a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense.").

Ms. Gross repeatedly makes reference to 18 U.S.C. § 1001. [ECF. No 46, 1, 3-4, 11, 17]. Because this is a civil lawsuit, that statute does not apply. Similarly, Ms. Gross's several citations to the Rules of Professional Conduct are not pertinent to this proceeding. While the Rules of Professional Conduct govern attorney conduct, they are not a vehicle for litigants to compel discovery.[1] To compel discovery, litigants must rely upon the Federal Rules of Civil Procedure.

Ultimately, the question is whether Ms. Gross is entitled to further discovery at this stage. She did not notice any depositions, before the discovery deadline, pursuant to Federal Rule of Civil Procedure 30(b). It is unclear whether Defendants could have produced Ms. Arrington for deposition, but, in the absence of proper notice, they did not have to address her availability. Ms. Gross's remaining claims of deficient discovery also did not comply with Local Rule 104.8, which, for a motion to compel, requires movants to set forth the specific request, the alleged deficient response, and the asserted basis for why the response is insufficient. Loc. R. 104.8 (D. Md. 2016). Importantly, "pro se litigants such as [Ms. Gross] must . . . adhere to the rudimentary dictates of civil procedure." *Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md. 1981). Finally, no discovery order issued by Judge Bredar has been violated, and, as such, sanctions pursuant to Federal Rule of Civil Procedure 37(b) are not available.

Based on the above, Ms. Gross's Motion to Compel [ECF No. 46] is DENIED.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge

---

[1] *See DirecTV, Inc. v. Key*, No. CIV. A. 3:03CV321, 2003 WL 24336356, at *2 (E.D. Va. Oct. 17, 2003), *aff'd sub nom. DIRECTV Inc. v. Key*, 133 F. App'x 877 (4th Cir. 2005) (stating that "Rule 37 of the Federal Rules of Civil Procedure sets forth the consequences for failure to comply with discovery and authorizes the imposition of sanctions in cases in which there has been an abuse of the discovery rules," but then referring an attorney to the Virginia State Bar for disciplinary proceedings associated with violations of the State's Rules of Professional Conduct).