UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

February 9, 2018

Valedia Gross
4018 Carlisle Avenue
Baltimore, Maryland 21216

Catherine A. Bledsoe
Maryland Office of the Attorney General
Assistant Attorney General
200 St. Paul Place, 17th Floor
Baltimore, Maryland 21202

      RE:   *Valedia Gross v. Morgan State University, et al.*;
              Civil No. JKB-17-448

Dear Ms. Gross and Counsel:

      This matter has been referred to me for discovery disputes and related scheduling matters. [ECF No. 49]. Plaintiff Valedia Gross, who proceeds *pro se*, filed this lawsuit against Defendants Morgan State University and Joyce Brown ("Defendants"), alleging employment discrimination based on race, age, and disability, in violation of various federal laws. [ECF No. 1]. Presently pending is Ms. Gross's Motion to Compel Documents ("Motion"), filed on December 7, 2017. [ECF No. 66]. I have considered Ms. Gross's Motion, and Defendants' Opposition ("Opposition"), [ECF No. 69]. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Ms. Gross's Motion is DENIED IN PART and GRANTED IN PART.

    **I.**    **BACKGROUND**

      On August 31, 2017, Ms. Gross mailed a request for production of documents to counsel for Defendants. Defs.' Opp'n, Ex. A ¶ 2. Counsel for Defendants subsequently emailed Defendants' Response, and mailed the requested non-confidential documents to Ms. Gross on October 4, 2017. *Id.* ¶ 3; *see also* Pl.'s Mot., Ex. 3. Counsel for Defendants intended to provide Ms. Gross with the responsive confidential documents after the parties signed the Stipulated Order Regarding Confidentiality of Discovery Motions ("Stipulated Confidentiality Order") at Ms. Gross's deposition, initially scheduled for October 4, 2017. Defs.' Opp'n, Ex. A ¶ 3. Ms. Gross, however, failed to attend her scheduled deposition. *See id.*; *see also Valedia Gross v. Morgan State Univ.*, Civil No. JKB-17-448, slip op. at 1-2 (D. Md. Nov. 6, 2017). On October 18, 2017, Ms. Gross filed a Motion for an Order Compelling Disclosure or Discovery, [ECF No. 46], which this Court denied on November 8, 2017, [ECF No. 55]. Pursuant to the Amended Scheduling Order, discovery closed on October 31, 2017. [ECF No. 45].

On November 14, 2017, Ms. Gross signed the Stipulated Confidentiality Order and received the confidential documents. Pl.'s Mot. 5; *see also* Defs.' Opp'n, Ex. A ¶ 4. Ms. Gross subsequently contacted counsel for Defendants, challenging the Defendants' response for the following reasons: (1) that Defendants improperly designated 272 pages as confidential, despite that the documents "c[ould] be found on the internet, or [were] a matter of public record, or [were Ms. Gross's] personal emails, with the exception of 12 pages," Pl.'s Mot., Ex. 5; (2) that Defendants failed to provide documents relating to Morgan State University's ("MSU") employment of Michon Arrington as a temporary secretary, Defs.' Opp'n, Ex. A ¶ 5; (3) that Defendants failed to provide "complete personnel files for all employees in [MSU's] Office of Alumni Affairs, [and] . . . records relating to students who helped in the Office," *id.*; (4) that Defendants failed to provide "documents relating to the type of sealant the contractors used to install the carpet . . . outside the Alumni House," *id.*; (5) that Defendants failed to provide "all communications relating to an alleged fire in the engine room located in Alumni House," *id.*; and (6) that the Defendants failed to identify which produced documents were responsive to which requests, *id.*

In response, counsel for Defendants withdrew the "confidential" designation for all but 103 pages, which included: (1) documents relating to an anonymous telephone call made by Ms. Gross to a fraud hotline; and (2) performance evaluations for two employees in the Office of Alumni Affairs. *See* Defs.' Opp'n 4-5; *see also id.* at Ex. A ¶ 12, Ex. 2. In addition, counsel for Defendants produced documents relating to the employment of Ms. Arrington, *id.* at Ex. 3; declined to produce additional personnel records or records relating to the sealant used by the contractors to install the carpet outside the Alumni House, *id.* at Ex. A ¶ 8; and informed Ms. Gross that Defendants did not have any documents relating to an alleged fire in Alumni House, *id.* Finally, counsel for Defendants produced a reference chart identifying which documents were responsive to which document request. *Id.* at Ex. 5. Ms. Gross later requested a privilege log, which counsel for Defendants declined to produce on the basis that Defendants have not withheld any documents due to the attorney-client privilege or work-product doctrine. *Id.* at Ex. 6. In response to Ms. Gross's demand that Defendants mark the produced documents in accordance with her requests, counsel for Defendant offered to re-copy the requested documents at Ms. Gross's expense. *Id.* Ms. Gross responded that requiring her to use the provided reference chart would be "prejudicial and burdensome." *Id.* On December 7, 2017, Ms. Gross again challenged Defendants' production of documents, stating, "The 2008 documents Defendants produced were not sent pursuant to the Instructions 1 – 19." *Id.* She then filed the instant motion. [ECF No. 66].

## II. PROCEDURAL MATTERS

Local Rule 104.7 and Federal Rule of Civil Procedure 37 require that counsel confer regarding discovery disputes and make a good faith effort to settle disputes without court intervention. Loc. R. 104.7 (D. Md. 2016); Fed. R. Civ. P. 37(a)(1). This Court will not contemplate discovery motions unless the moving party files a certificate either: (1) reciting the date, time, and place of the discovery conference between the parties, and the names of the

participants therein, or (2) certifying that the parties attempted to hold a conference but were unsuccessful. Loc. R. 104.7. Additionally, Local Rule 104.8 provides, in relevant part:

> If a party who has propounded . . . requests for production is dissatisfied with the response to them and has been unable to resolve informally . . . any disputes with the responding party, that party *shall serve a motion to compel within thirty (30) days of the party's receipt of the response*. . . . The parties shall serve motions and memoranda under L.R. 104.8 in accordance with Fed. R. Civ. P. 5(a) and *shall not serve them through the Court's electronic filing system* nor file with the Court notices of service of the motion or memoranda.

Loc. R. 104.8(a) (D. Md. 2016) (emphasis added). Local Rule 104.8 also requires that the parties "hold [a] conference required by L.R. 104.7 after serving upon one another all of the documents relating to the motion to compel." Loc. R. 104.8(b).

As a preliminary matter, Ms. Gross did not file a Certification of Compliance, as required by Local Rule 104.7. Although both parties have provided emails detailing some discussion regarding Ms. Gross's objections, there is no indication that Ms. Gross held, or attempted to hold, a conference prior to filing the Motion. Additionally, Ms. Gross made no effort to follow the required procedure for motions to compel, set forth in Local Rule 104.8. Rather than exchanging the motion, opposition, and reply with Defendants, Ms. Gross immediately filed the Motion with this Court. Indeed, Ms. Gross filed her motion on the very same day that she informed counsel for Defendants of her remaining objection that the produced documents "were not sent pursuant to the Instructions 1 – 19." *See* Defs.' Opp'n, Ex. 6 (containing a December 7, 2017 email exchange between parties, in which Ms. Gross asserted, "The 2008 documents Defendants produced were not sent pursuant to the Instructions 1 - 19."). In light of the evidence on the record, Ms. Gross did not make a sincere effort to resolve the discovery dispute in accordance with the Local Rules. *See* Loc. R. 104.

Moreover, with the possible exception of Ms. Gross's objection to the "confidentiality" designation of 103 pages, Ms. Gross's Motion is untimely. *See* Loc. R. 104.8 (requiring that the moving party "serve a motion to compel within thirty (30) days of the [moving] party's receipt of the response"). Defendants responded, with objections, to Ms. Gross's document production requests on October 4, 2017. *See* Pl.'s Mot., Ex. 2; *see also* Defs.' Opp'n, Ex. A ¶ 3. The Motion, however, was not filed until December 7, 2017—well beyond the thirty-day deadline, and thirty-six days after the close of discovery. *See Webb v. Green Tree Servicing LLC*, Civil No. ELH-11-2105, 2012 WL 3139551, at *1 (D. Md. 2012); *see also In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 332-33 (N.D. Ill. 2005) (noting that, while the timeliness for filing a motion to compel depends on the circumstances of each case, "motions to compel filed after the close of discovery are almost always deemed untimely."); *Blind Indus. & Servs. v. Route 40 Paintball Park*, No. WMN-11-3562, 2012 WL 4470273, at *2 (D. Md. 2012) (denying an untimely motion to compel while noting that Scheduling Order "deadlines allow parties to estimate the costs that will be incurred as they move towards trial, and to make informed decisions on strategic motions and settlement negotiations"). For these reasons alone, Ms.

Gross's Motion should be denied. Nevertheless, to expedite this case, this Court has chosen to address the Motion on its merits. *See Madison v. Harford Cty.*, 268 F.R.D. 563, 564-65 (D. Md. 2010).

### III. DISCOVERY DISPUTES

#### a. Confidentiality Designation of 103 Documents

Ms. Gross contends that Defendants improperly marked 496 documents as confidential and, therefore, "challenges Defendant[s'] designation of confidentiality pursuant to Fed. R. Civ. P. 37(a)(5)[.]" Pl.'s Mot. 5. Specifically, Ms. Gross argues these documents "do[] not contain sensitive personal information, trade secrets or other confidential research, development, or commercial information." *Id.* As an initial matter, this Court notes that, in response to Ms. Gross's initial objections, Defendants withdrew their confidentiality designation for all but 103 pages of the produced documents. *See* Defs.' Opp'n, Ex. 2. The remaining confidential documents include: (1) documents relating to an "anonymous telephone call made by [Ms. Gross] in February[,] 2016 to the fraud hotline run by the Office of Legislative Audits in the Maryland General Assembly's Department of Legislative Service," *id.* at 4; and (2) the "performance evaluations from the personnel files of two employees in the Office of Alumni Affairs, Alison Hillen and Dewayne Davis," *id.* at 5.

When a party challenges the designation of certain documents as confidential, "the party claiming confidentiality bears the burden of proving that the purportedly confidential documents are, indeed, confidential, as defined in the governing confidentiality order." *Flo Pac, LLC v. NuTech, LLC*, No. WDQ-09-510, 2011 WL 13214114, at *2 (D. Md. Apr. 12, 2011) (citing *Minter v. Wells Fargo Bank, N.A.*, Nos. WMN-07-3442, WMN-08-1642, 2010 WL 5418910, at *8 (D. Md. Dec. 23, 2010)). The Stipulated Confidentiality Order governing the instant case provides that "[o]ne who provides material may designate it as 'CONFIDENTIAL' only when such person in good faith believes it contains sensitive personal information, trade secrets or other confidential research, development, or commercial information which is in fact confidential." [ECF No. 57 ¶ 1(a)]. Although the Fourth Circuit has not yet "explicitly defined the parameters of the initial 'good faith' review[,] . . . [a]nything less than a document-by-document or very narrowly drawn category-by-category assessment fails to satisfy the initial good-faith review requirement." *Minter,* 2010 WL 5418910, at *2.

Beginning with the first category of confidential documents relating to an anonymous phone call, Defendants argue that they properly designated these documents as confidential, "[b]ecause [they] concern an internal affairs investigation into an allegation against a former [MSU] employee under circumstances in which the allegations were not sustained." Defs.' Opp'n 4-5. In particular, Defendants cite *Montgomery County v. Shropshire*, 23 A.3d 205 (Md. 2011), and *Maryland Department of State Police v. Dashiell*, 117 A.3d 1 (Md. 2015), to support their contention that internal affairs investigation reports are treated as confidential under Maryland state law. In *Shropshire*, the Maryland Court of Appeals recognized a "significant public interest in maintaining confidentiality" of internal affairs records, particularly where the

investigation clears the individual of any wrongdoing. 23 A.3d at 216-17. Along the same vein, in *Dashiell*, the Maryland Court of Appeals clarified that a public employee's internal affairs records constitute "personnel records" and, therefore, are exempt from disclosure under Maryland privacy laws. 117 A.3d at 15. Although discovery disputes in federal cases are governed by federal law, this Court must consider State public policy in determining the appropriate scope of a confidentiality order. *Fether v. Frederick Cty.*, No. CCB-12-1674, 2014 WL 1123386, at *2 (D. Md. Mar. 19, 2014). Here, the documents relate to a telephone call made to a fraud hotline managed by the Office of Legislative Audits ("OLA") in the Maryland General Assembly's Department of Legislative Services. Due to the telephone call, OLA investigated and audited the Office of Alumni Affairs, and "was unable to determine whether the former employee misappropriated funds." Defs.' Opp'n, Ex. A ¶ 12. In light of the Maryland public policy disfavoring disclosure of personnel records, and the fact that the internal investigation cleared the former employee of any wrongdoing, this Court finds that Defendants properly designated these documents as confidential, pursuant to the Stipulated Confidentiality Order.

Turning to the second category of confidential documents relating to the personnel evaluations of Ms. Hillen and Mr. Davis, Defendants contend that they properly designated these documents as confidential, because they constitute personnel records of employees who are not parties to the instant litigation. Defs.' Opp'n 5. Again, because these documents constitute sensitive personnel records, the Defendants properly designated these documents as confidential, pursuant to the Stipulated Confidentiality Order. *See Fether*, 2014 WL 1123386, at *2 ("[T]he Maryland Court of Appeals have made clear that even disclosure of personnel records is strongly disfavored."); *see also Butler v. DirectSAT USA, LLC*, 876 F. Supp. 2d 560, 576-77 (D. Md. 2012) (granting requests to seal several exhibits, including personnel records for the defendants' employees, pursuant to a court-approved confidentiality order). Accordingly, this Court denies Ms. Gross's Motion with respect to her challenge against Defendants' designation of "confidentiality" of the 103 documents.[1]

### b. Production of Documents Pursuant to Request Instructions

Ms. Gross also contends that counsel for Defendants failed to produce the requested documents in accordance with Request Instruction Nos. 7 and 8. Pl.'s Mot. 5-6. Specifically, Ms. Gross argues that "none of Defendants['] Production of approximately 2,008 documents

---

[1] In the Motion, Ms. Gross also "request[s] reconsideration of the Order dated November 14, 2017 . . . ." Pl.'s Mot. 12. Ms. Gross appears to refer to the Stipulated Order Regarding Confidentiality of Discovery Materials ("Stipulated Confidentiality Order"), dated November 14, 2017, which was signed by Ms. Gross and counsel for Defendants. [ECF No. 56]. Although motions for reconsideration of interlocutory orders are not subject to the same "strict standards applicable to motions for reconsideration of a final judgment," *American Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003), district courts generally consider "whether movants presented new arguments or evidence, or whether the court has 'obviously misapprehended a party's position or the facts or applicable law,'" *Lynn v. Monarch Recovery Mgmt., Inc.*, 953 F. Supp. 2d 612, 619-20 (D. Md. 2013) (internal citations omitted). Ms. Gross, however, has not articulated any basis for reconsideration of the Stipulated Confidentiality Order. *See id.* ("Resolution of the motion [for reconsideration of an interlocutory order] is committed to the discretion of the district court, and the goal is to reach the correct judgment under law.") (internal citations and quotation marks omitted). Accordingly, this Court DENIES Ms. Gross's request.

reference the number(s) of the relevant Request pursuant to Instruction No. 7 in Plaintiff's Request for Production." *Id.* at 5. Moreover, Ms. Gross asserts that "Defendants['] selection of documents by bates-stamp number were not produced in such a manner to insure [sic] the file or other source from which the 2,008 documents were obtained could be identified by Plaintiff," and that "documents Defendants attached to other documents or materials were separated without sufficiency to permit reconstruction of the grouping." *Id.*

Federal Rule of Civil Procedure 34(b)(2) requires each party to "produce documents as they are kept in the usual course of business or . . . organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E). Here, counsel for Defendants bates-stamped the produced documents, and provided Ms. Gross with a corresponding reference chart to allow Ms. Gross to identify which documents are responsive to which requests. Defs.' Opp'n, Ex. 5. Ms. Gross has not demonstrated that reviewing the bates-stamped documents and reference chart would be "prejudicial and burdensome," as she alleged in a December 4, 2017 email to counsel for Defendants. *See id.* at Ex. 6. Accordingly, this Court finds that Defendants need not reproduce the requested documents.

### c. Defendants' Objections to Ms. Gross's Document Production Request Nos. 1, 2, 4, 7, 8, 9, 18, 24, and 25: Relevancy

Defendants objected to Request Nos. 1, 2, 4, 7, 8, 9, 18, 24, and 25, because such requests seek records that "are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." Pl.'s Mot., Ex. 2. Specifically, Defendants' objection states that "[t]he only claim properly before the Court is Plaintiff's claim that Defendants discriminated and retaliated against her on the basis of the age in violation of the Age Discrimination in Employment Act." *Id.*

Pursuant to the Federal Rules of Civil Procedure, all document requests must seek information within the scope of permissible discovery. Fed. R. Civ. P. 34(a). Federal Rule of Civil Procedure 26 provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Importantly, the Federal Rules of Civil Procedure "impose a more liberal standard of relevance which does not turn on admissibility." *Marvin J. Perry, Inc. v. Hartford Cas. Ins. Co.*, No. RWT-08-138, 2008 WL 11367475, at *2 (D. Md. Dec. 22, 2008); *see also United Oil Co., Inc. v. Parts Assocs., Inc.*, 227 F.R.D. 404, 409 (D. Md. 2005) ("[R]elevance for discovery purposes is viewed more liberally than relevance for evidentiary purposes.") (citations omitted). The party resisting discovery has the burden of "clarify[ing] and explain[ing] precisely why its objections are proper given the broad and liberal construction of the federal discovery rules." *United Oil Co.*, 227 F.R.D. at 411. Here, the burden rests with Defendants "to establish that the information is not relevant, or that the discovery request should be denied." *Hake v. Carroll Cty.*, WDQ-13-1312, 2014 WL 3974173, at *5 (D. Md. Aug. 14, 2014) (citation omitted). This Court will analyze Ms. Gross's document requests, and Defendants' responses, in turn.

### i. Request Nos. 1, 4, 7, 8, and 24 – Moot

Defendants assert, and Ms. Gross has not contested, that Defendants produced the requested documents for Request No. 1, relating to Ms. Arrington's employment at MSU, *see* Defs.' Opp'n, Ex. 3; and Request No. 24, relating to contracts entered into between MSU and contractors assigned to do work at or surrounding the Alumni House from January 1, 2010 to January 1, 2015, *see* Pl.'s Mot., Ex. 2 at 9 ("Without waiving this objection, the University will produce responsive documents."). Moreover, as stated *infra*, Defendants have not produced documents in response to Request Nos. 4, 7, and 8, because the requested documents are not in Defendants' possession, custody, or control. *See* Pl.'s Mot., Ex. 2 at 4-5; Defs.' Opp'n, Ex. A ¶ 8. Accordingly, Request Nos. 1, 4, 7, 8, and 24 are moot. *See Marvin J. Perry, Inc.*, 2018 WL 11367475, at *2.

### ii. Request Nos. 2 and 18 – Relevant

Defendants objected to Request Nos. $2^2$ and $18^3$ on the basis that such requests seek records that are not relevant to Ms. Gross's Age Discrimination in Employment Act ("ADEA") claim. Defendants have provided no support for their relevancy objections in their responses. Rather, Defendants simply assert that they "terminate[d] [Ms. Gross's] employment on April 11, 2014, based on her poor job performance and not because of her age," and "the decision to terminate [Ms. Gross's] employment was made before [she] engaged in any protected activity and was unrelated to any such activity." *See* Pl.'s Mot., Ex. 2 at 2, 5, 7. Given the broad scope of discovery, *United Oil Co.*, 227 F.R.D. at 411, this Court disagrees.

As an initial matter, the Court has not held that "the only claim properly before the Court is [Ms. Gross's ADEA claim]." Pl.'s Mot., Ex. 2 at 2. Rather, Ms. Gross has brought claims under ADEA, Title VII of the Civil Rights Act of 1964 ("Title VII"), Americans with Disabilities Act ("ADA"), Genetic Information Nondiscrimination Act ("GINA"), Pregnancy Discrimination Act ("PDA"), and Equal Pay Act of 1963 ("EPA")—all of which remain pending before the Court. *See* [ECF No. 1]. Request No. 2 seeks information "germane to the subject matter" of Ms. Gross's employment discrimination claims and, therefore, is properly within the scope of discovery. *See Ralston Purina Co. v. McFarland*, 550 F.2d 967, 973 (4th Cir. 1977). Namely, documents responsive to Request No. 2 are clearly relevant to Defendants' employment practices during the time that Ms. Gross was hired to work as an office secretary in the Office of Alumni Affairs. This Court notes that Defendants have produced the annual performance evaluations of Mr. Davis and Ms. Hillen in response to Request Nos. 2 and 18. *See* Defs.' Opp'n

---

[2] Request No. 2 requests "[a]ll personnel file(s) for persons employed by you that worked at the Alumni Relations Office, one year prior to Plaintiffs employment to present, including but not limited to, evaluations, grievances, human resources investigations, and charges of discrimination." Pl.'s Mot., Ex. 2 at 2.

[3] Request No. 18 requests "[a]ll disciplinary actions, reprimands, terminations, counseling, write-ups, demotions, human resources investigations or other similar documents in which an employee of [MSU] was alleged or found to have acted in an insubordinate manner. . . . beginning one year prior to Plaintiffs employment through January 1, 2015." *Id.* at 7.

¶ 7; *see also id.* at Ex. A ¶ 8. Thus, Defendants are only required to produce responsive documents pertaining to Milton Hawkins.[4]

With respect to Request No. 18, however, Ms. Gross's request is "so broadly worded that [it] could include [documents] that have nothing to do with the present litigation." *Hake*, 2014 WL 3974173, at *7. While Request No. 2 restricts the requested materials to those connected to the Office of Alumni Affairs, Request No. 18 applies to every employee at MSU. Accordingly, this Court finds it appropriate to narrow Request No. 18 to comport with the language of Request No. 2. *See id.* Request No. 18, therefore, is limited to "disciplinary actions, reprimands, terminations, counseling, write-ups, demotions, human resources investigations or other similar documents" in which a full-time employee of the Office of Alumni Affairs was "alleged or found to have acted in an insubordinate manner," beginning one year prior to Ms. Gross's employment through January 1, 2015. *See* Pl.'s Mot., Ex. 2 at 7.

### iii. Request Nos. 9 and 25 – Not Relevant

Defendants objected to Request No. 25, which requests "[a]ny and all documents relating to reservations for overnight stays in the Alumni House from 2011 through 2015." *Id.* at 9. It is not apparent, and Ms. Gross has failed to explain, how the information sought in Request No. 25 relates to any of the claims set forth in her Complaint. *See Whittaker v. Morgan State Univ.*, No. JKB-09-3135, 2011 WL 6211792, at *3 (D. Md. Dec. 13, 2011); *see also J & J Sports Prods., Inc. v. Wofford*, No. 6:13-cv-02403-GRA, 2014 WL 2980250, at *2 (D.S.C. June 30, 2014) ("[A] party may not merely assert that requested materials may lead to the discovery of admissible evidence without presenting any intelligible explanation of how that is so.") (citing *Cook v. Howard*, 484 F. App'x 805, 813 (4th Cir. 2012) (per curiam)). Accordingly, Ms. Gross's Motion is DENIED with respect to Request No. 25.

Defendants also objected to Request No. 9, which requests "[a]ny and all documents reflecting or relating to wages, benefits, merit increases, bonuses, insurance or any other forms of compensation that the [MSU] paid to [its] employees assigned to work at the Office of Alumni Relations during Plaintiffs employment with [MSU]." *Id.* at 5. Request No. 9, however, seeks information that is not "germane to the subject matter" of Ms. Gross's claims. *See Ralston Purina Co.*, 550 F.2d at 973. In her Complaint, Ms. Gross raised claims relating to: a "hostile work environment intentionally created with malice, changing terms and conditions of Plaintiff[']s employment Contract to, subjecting her to disparate working conditions, to work in an employment setting free of unlawful harassment, 'forced' resignations, 'wrongful' terminations, fires and toxic contaminations," Pl.'s Compl. ¶ 44; "resci[ssion of] the offer for promotion," *id.* ¶ 45; "severe and pervasive discriminatory harassment and intimidation," *id.*;

---

[4] On February 5, 2018, I held a telephone conference with the parties. During the telephone conference, the parties agreed that, during the relevant time period, the Office of Alumni Affairs had the following full-time employees: (1) Joyce Brown (the supervisor who Ms. Gross accuses of discriminatory practices); (2) Dwayne Davis; (3) Alison Hillen; and (4) Milton Hawkins. I conclude that the part-time work-study student employees and interns are not potential comparators, and, thus, their records need not be produced.

retaliation "for opposing and/or complaining of Defendant's discriminatory practices," *id.* ¶ 49; and negligent hiring, retention, and supervision, *id.* ¶¶ 52-53. Documents responsive to Request No. 9, however, would likely encompass materials that have nothing to do with the present litigation. *See Hake*, 2014 WL 3974173, at *7; *see also Clark v. Creative Hairdressers, Inc.*, No. DKC 2005-0103, 2005 WL 3008511, at *15 (D. Md. Nov. 9, 2005) ("[A] request for discovery will not be granted if the party merely wishes to conduct a 'fishing expedition' in search of evidence that may be helpful.") (citing *Morrow v. Farrell*, 187 F. Supp. 2d 548, 551 (D. Md. 2002)). Accordingly, Ms. Gross's Motion is DENIED with respect to Request No. 9.

### d. Defendants' Objections to Ms. Gross's Document Production Request Nos. 4, 7, and 8: Possession, Custody, or Control

Defendants objected to Request Nos. 4 and 8 because "the University has no documents responsive to this request." Pl.'s Mot., Ex. 2 at 4-5. Defendants also objected to Request No. 7,[5] because "Defendants did not have any documents relating to an alleged fire in Alumni House." Defs.' Opp'n, Ex. A ¶ 8. In response to Request No. 4,[6] Defendants further explained that "[t]he University has installed a new telephone system since [Ms. Gross's] termination, and the University does not have any phone records for the period from August 2013 through April 15, 2014." *Id.* at 4. Defendants, however, offered no further explanation in response to Request No. 8.[7]

Federal Rule of Civil Procedure 34 requires a party to produce only those documents that are within the party's "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). A party has "control" over requested documents "when that party has the right, authority, or practical ability to obtain the documents from a non-party to the action." *Goodman v. Praxair Servs., Inc.*, 632 F. Supp. 2d 494, 515 (D. Md. 2009) (citation omitted). The requesting party has the burden to demonstrate that a party "has a sufficient degree of control over requested documents to constitute a practical ability to obtain the documents." *Benisek v. Lamone*, 320 F.R.D. 32, 34 (D. Md. 2017) (citation omitted). Moreover, "[c]ourts have recognized that documents that do not exist are not in the 'possession, custody, or control' of a party," and "[e]ven 'documents that are lost or missing are no more in the 'possession, custody, or control' of a party than are documents that are nonexistent.'" *Gessner v. Howard*, No. 3:11cv00286, 2013 WL 595823, at *2 (S.D. Ohio Feb. 15, 2013) (citations omitted). "When a party seeks to compel discovery, it must 'demonstrate that the documents they seek to compel do, in fact, exist and are being unlawfully withheld." *AGV Sports Grp., Inc. v. LeMans Corp.*, No. GLR-11-0016, 2013 WL 3776954, at *1 (D. Md. July 16, 2013) (citation omitted).

---

[5] Request No. 7 requested "[a]ny and all documents relating to or reflecting the facts and circumstances of any calls to the fire departments in August 2013 thru [sic] April 15, 2014 made by Defendant [MSU]." Pl.'s Mot., Ex. 2 at 4.

[6] Request No. 4 requested "[a]ll documents related to phone records concerning the Office of Alumni Relations from August 2013 thru [sic] April 15, 2014." *Id.* at 3.

[7] Request No. 8 requested "[a]ny and all reports, letters of commendation, reviews, or other similar documents relating to the budgets established for Joyce Brown from 2011 thru [sic] 2015." *Id.* at 5.

In the instant case, Defendants have adequately responded to Request No. 4. Defendants asserted that the requested phone records are no longer in their possession or control due to a new telephone system, and Ms. Gross has not claimed that Defendants otherwise have control over the requested phone records. *See Goodman*, 632 F. Supp. 2d at 515. Moreover, in their Opposition, Defendants clarified that they "[do] not have any documents responsive to particular requests . . . [and] have not lost, disposed of, or transferred any responsive documents that were once within their possession." Defs.' Opp'n ¶ 15. Accordingly, this Court finds that Defendants' objections on this ground have merit.

    e. **Defendants' Refusal to Produce a Privilege Log**

Defendants objected to Request No. 11, because the information sought was protected by the attorney-client privilege, work product doctrine, or "other applicable privilege." Pl.'s Mot., Ex. 2. As a general matter, privileged information is not discoverable. *See* Fed R. Civ. P. 26(b)(1). A party may withhold otherwise discoverable information by claiming privilege or work product protection. *Hake*, 2014 WL 3974173, at *9. Federal Rule of Civil Procedure 26(b), however, provides that the withholding party must: "(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim. Fed. R. Civ. P. 26(b)(5)(A). The party disputing discovery may generally fulfill this obligation in the form of a privilege log. *Mezu v. Morgan State Univ.*, 269 F.R.D. 567, 577 (D. Md. 2010). "A party simply cannot claim privilege and refuse to provide a privilege log; indeed, some courts have found that doing so results in waiver of the privilege." *Hake*, 2014 WL 3974173, at *9 (citing *Anderson v. Caldwell Cty. Sheriff's Office*, 1:09cv423, 2011 WL 2414140, at *2 (W.D.N.C. June 10, 2011)). In the instant case, Defendants have failed to provide Ms. Gross with a privilege log, as required by the Federal Rules of Civil Procedure. Accordingly, this Court orders that Defendants shall produce a privilege log identifying the documents and communications that it deems to be protected by the attorney-client privilege or work product doctrine.

    f. **Defendants' General Objections to Ms. Gross's Request for Production of Documents**

Finally, Ms. Gross challenges Defendants' General Objections C and E as insufficient. Pl.'s Mot. 10-12. Pursuant to Federal Rule of Civil Procedure 34(b), a party must state the grounds for its objections to discovery with specificity. Fed. R. Civ. P. 34(b)(2)(B). "[G]eneral objections to discovery, without more, do not satisfy the burden of the responding party . . . to justify objections to discovery because they cannot be applied with sufficient specificity to enable courts to evaluate their merits." *Bost v. Wexford Health Sources, Inc.*, No. ELH-15-3278, 2017 WL 3084953, at *5 (D. Md. June 19, 2017) (citing *Convertino v. United States Dept. of Justice*, 565 F. Supp. 2d 10, 13 (D.D.C. 2008)); *see also Hager v. Graham*, 267 F.R.D. 486, 492 (N.D.W. Va. 2010) ("It is well established in this jurisdiction that general objections are impermissible."). Defendants' General Objections C and E are boilerplate and non-

particularized to the facts, and are waived for lack of specificity.[8] *See Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 364 (D. Md. 2008).

## IV. CONCLUSION

Based on the above, Ms. Gross's Motion [ECF No. 66] is DENIED IN PART and GRANTED IN PART. Any remaining documents responsive to Requests Nos. 2 and 18, as narrowed herein, and the privilege log pertaining to Request No. 11, should be produced to Ms. Gross on or before February 27, 2018.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

> Sincerely yours,
>
> /s/
>
> Stephanie A. Gallagher
> United States Magistrate Judge

---

[8] This Court notes that Ms. Gross also challenged Defendants' General Objection D, which states that Defendants "object[] to Plaintiff's Requests to the extent they seek confidential or sensitive records." *Id.* Because Defendants raised this objection with sufficient specificity elsewhere in its responses, as discussed *supra*, this Court need not revisit this objection.