# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|                          |     |                         |
|--------------------------|-----|-------------------------|
|                          | *   |                         |
| **VALEDIA GROSS,**       | *   |                         |
| **Plaintiff**            | *   |                         |
| **v.**                   | *   | **CIVIL NO.  JKB-17-0448** |
| **MORGAN STATE UNIV.** *et al.*, | * |                     |
| **Defendants**           | *   |                         |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

### I. Background

Plaintiff Valedia Gross filed this *pro se* lawsuit alleging federal claims of employment discrimination and retaliation by Morgan State University, her former employer, and Joyce Brown, her former supervisor at Morgan State.  (Compl., ECF No. 1.)  She has also included a Maryland state law claim of negligent hiring, retention, and supervision, which appears to be directed only against Morgan State.  (*Id.*)  Defendants' counsel from the Maryland Office of the Attorney General filed an answer in which Defendants asserted sovereign immunity under the Eleventh Amendment to the United States Constitution and also asserted the Court lacked subject-matter jurisdiction over unexhausted claims in the complaint (Ans., ECF No. 7); the answer was filed the same day as Gross's motion for clerk's entry of default (ECF No. 9).

Because the answer was filed after the deadline for responding to the complaint, the Court ordered Defendants to file a motion showing good cause for the belated filing and requesting leave of Court to late-file the answer, and the Defendants complied.  (ECF Nos. 10, 11.)  A few days later, Gross filed a motion to strike the answer and specifically requested the

affirmative defenses be stricken on the ground that they were frivolous, that Defendants were not entitled to sovereign immunity, and that she had exhausted her remedies. (ECF No. 12.) The Court found good cause for Defendants' delay in filing their answer and granted their motion to accept their answer as timely filed; consequently, the Court denied Gross's motion for clerk's entry of default. (ECF No. 14.) In denying Gross's motion to strike the answer, the Court stated, "EXCEPT the Court reserves ruling on the question of whether the Defendants' affirmative defenses should be stricken, and on this sole question the Defendants shall respond to the Motion on or before June 12, 2017." (*Id.*) The same day as the entry of that order, the Court entered a scheduling order setting a discovery deadline and deadline for dispositive motions. (ECF No. 15.) Defendants never responded to the Court's order, however, so the Court granted the motion to strike the affirmative defenses. (ECF No. 17.)

Before the discovery period ran its course, Gross filed a motion for summary judgment. (ECF No. 18.) Once again, Defendants missed the deadline to file their response to this motion and sought leave to late-file the response. (ECF Nos. 19, 20, 21.) The Court granted Defendants' request. (ECF No. 22.) In its denial of Gross's motion for summary judgment, the Court noted serious questions existed as to jurisdiction, that genuine disputes of material fact existed, and Gross had not shown she was entitled to summary judgment. (ECF No. 31.)

Now pending before the Court are Defendants' motion to dismiss, for judgment on the pleadings, or for summary judgment (ECF No. 67), Gross's motion for summary judgment (ECF No. 73), and Defendants' motion to strike Gross's motion for summary judgment as untimely (ECF No. 74). The motions have been briefed (ECF Nos. 70, 71, 76, 73, 79), and no hearing is required, Local Rule 105.6 (D. Md. 2016). Defendants' motion, construed as a motion to dismiss with respect to Gross's exhausted claims under the Age Discrimination in Employment

Act ("ADEA") and her unexhausted claim under the Americans with Disabilities Act ("ADA"), will be granted due to Eleventh Amendment immunity; construed as a motion to dismiss for lack of subject-matter jurisdiction, it will be granted as to Gross's unexhausted federal claims; and construed as a motion for judgment on the pleadings for failure to state a claim for relief, it will be granted as to Gross's Equal Pay Act ("EPA") claim. The Court will decline to exercise jurisdiction over Gross's state law claims, which will be dismissed without prejudice to refile in Maryland state courts. Both Gross's motion for summary judgment and Defendants' motion to strike Gross's motion for summary judgment are moot.

## II. Standard for Dismissal under Rule 12(b)(1)

The burden of proving subject-matter jurisdiction is on the plaintiff. A challenge to jurisdiction may be either facial, *i.e.*, the complaint fails to allege facts upon which subject-matter jurisdiction can be based, or factual, *i.e.*, jurisdictional allegations of the complaint are not true. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). *See also Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (same); *Richmond, Fredericksburg & Potomac Ry. Co.*, 945 F.2d 765, 768 (4th Cir. 1991) (same). In the case of a factual challenge, it is permissible for a district court to "consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg*, 945 F.2d at 768 (citing *Adams*, 697 F.2d at 1219).

## III. Standard for Motion for Judgment on the Pleadings

A motion for judgment on the pleadings under Rule 12(c) is assessed under the same standard applicable to motions to dismiss under Rule 12(b)(6). *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. An inference of a mere possibility of misconduct is not sufficient to support a plausible claim. *Id.* at 679. As the *Twombly* opinion stated, "Factual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). Although when considering a motion to dismiss a court must accept as true all factual allegations in the complaint, this principle does not apply to legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555.

## IV. Analysis

### A. Eleventh Amendment Immunity

The Fourth Circuit has not definitively ruled "whether a dismissal on Eleventh Amendment immunity grounds is a dismissal for failure to state a claim under Rule 12(b)(6) or a dismissal for lack of subject matter jurisdiction under Rule 12(b)(1)." *Andrews v. Daw*, 201 F.3d 521, 525 (4th Cir. 2000). Indeed, the Supreme Court has "never held that [the Eleventh Amendment] is jurisdictional in the sense that it must be raised and decided by [a federal court] on its own motion." *Patsy v. Bd. of Regents of State of Fla.*, 457 U.S. 496, 515 (1982). *See also Wisconsin Dep't of Corrs. v. Schacht*, 524 U.S. 381, 391-92 (1998) (noting that Supreme Court has not decided whether Eleventh Amendment immunity is issue of subject-matter jurisdiction). However, the federal courts' judicial authority granted by Article III is limited by the sovereignty

of the States. *Blatchford v. Native Vill. of Noatak & Circle Vill.*, 501 U.S. 775, 779 (1991). "The 'entire judicial power granted by the Constitution does not embrace authority to entertain a suit brought by private parties against a state without consent given.' Such a suit cannot be entertained upon the ground that the controversy arises under the Constitution or laws of the United States." *State of Missouri v. Fiske*, 290 U.S. 18, 26 (1933) (citation omitted). Despite the lack of clarity as to which subpart of Rule 12 is the correct basis for analyzing a claim of Eleventh Amendment immunity, this Court has favored analysis under Rule 12(b)(1) because, while the Eleventh Amendment cannot be considered a "true limit" on this Court's subject-matter jurisdiction, it nevertheless functions as "a block on the exercise of that jurisdiction," *Biggs v. Meadows*, 66 F.3d 56, 60 (4th Cir. 1995). *See Verizon Maryland Inc. v. RCN Telecom Servs., Inc.*, 232 F. Supp. 2d 539, 545-46 (D. Md. 2002) (analyzing sovereign immunity claim under Rule 12(b)(1)), *aff'd in part, dismissed in part sub nom. Verizon Maryland, Inc. v. Glob. NAPS, Inc.*, 377 F.3d 355 (4th Cir. 2004). *See also Marks v. Dann*, Civ. No. DKC-13-0347, 2013 WL 8292331, at *7 n.2 (D. Md. July 24, 2013) (same), *aff'd*, 600 F. App'x 81 (4th Cir. 2015).

Unless a State has consented to the waiver of its immunity under the Eleventh Amendment, or unless its Eleventh Amendment immunity has been abrogated by permissible congressional act to enforce the Fourteenth Amendment, the State may not be sued in federal court by private parties, such as Gross. *See College Sav. Bank v. Florida Prepaid Postsecondary Educ. Exp. Bd.*, 527 U.S. 666, 670 (1999). This same proscription applies to suits against state agencies and state officials when the latter are acting in their official capacities. *See Kentucky v. Graham*, 473 U.S. 159, 165–67 & n.14 (1985) (Eleventh Amendment bars suit for damages

against state officer in official capacity); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (*per curiam*) (Eleventh Amendment bars suit against state agency).

As Gross has exhausted her ADEA claims, it must be determined whether those claims are properly before this Court. Morgan State is undeniably an arm of the State of Maryland, *see* Md. Code Ann., Educ. § 14-101(a) (Westlaw 2018) (Morgan State is "an instrumentality of the State" and "an independent unit of State government"), and, hence, entitled to claim the State's Eleventh Amendment immunity. *See Laney v. Morgan State Univ.*, Civ. No. CCB-04-1719, 2005 WL 1563437, at *1–2 (D. Md. June 30, 2005). Gross has sued both Morgan State University and her former supervisor at Morgan State, Joyce Brown. Because the ADEA claim only concerns Brown's actions when she was acting in her official capacity as Morgan State's Director of the Office of Alumni Affairs, the ADEA claim against her is really a claim against Morgan State and, hence, a claim against the State of Maryland. *See Kentucky v. Graham*, 473 U.S. at 166 (noting governmental entity is "real party in interest" in official capacity suit). Thus, Brown enjoys the same Eleventh Amendment immunity on the ADEA claim as Morgan State. Additionally, the Fourth Circuit has ruled that ADEA liability is limited to the employer—here, Morgan State—and, consequently, Brown is not a proper defendant in the instant case even if she were not clothed in sovereign immunity. *See Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 510–11 (4th Cir. 1994).

Since the Supreme Court has ruled that the "ADEA does not validly abrogate the States' sovereign immunity," *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 92 (2000), Gross's exhausted ADEA claim of age discrimination and retaliation for engaging in protected activity can only succeed if it can be said that the State of Maryland expressly consented to waiver of its Eleventh Amendment immunity. Equally so, Gross's unexhausted Americans with Disabilities

Act ("ADA") claim is subject to the same analysis under the Eleventh Amendment because the ADA also did not validly abrogate the States' sovereign immunity. *See Bd. of Trs. of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 374 (2001).

"Sovereign immunity is the privilege of the sovereign not to be sued without its consent," *Virginia Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011), but a sovereign State's privilege not to be sued in federal court may be waived by the State "at pleasure," *Clark v. Barnard*, 108 U.S. 436, 447 (1883). Even so, a choice to waive sovereign immunity must be "altogether voluntary" by the sovereign. *Coll. Sav. Bank*, 527 U.S. at 675. Thus, a State may voluntarily waive its sovereign immunity by invoking federal court jurisdiction, *Clark*, 108 U.S. at 447–48, or by making "a 'clear declaration' that it intends to submit itself" to the jurisdiction of the federal courts, *Coll. Sav. Bank*, 527 U.S. at 675–76 (quoting *Great Northern Life Ins. Co. v. Read*, 322 U.S. 47, 54 (1944)).

Gross asserts that because the Court struck Defendants' affirmative defenses due to Defendants' failure to comply with a court order, Defendants have waived their Eleventh Amendment immunity. (Pl.'s Opp'n 9–10, ECF No. 70.) She is mistaken. In the absence of specific legislative authorization, neither the Attorney General for the State of Maryland nor any assistant thereto has any authority to waive Maryland's sovereign immunity in the course of representation of the State, any State entity, or any State officer or employee. *See Charles E. Brohawn & Bros., Inc. v. Bd. of Trs. of Chesapeake Coll.*, 304 A.2d 819, 820 (Md. 1973) ("neither counsel for the State nor any of its agencies may, 'either by affirmative action or by failure to plead the defense, waive the defense of governmental immunity . . . .'"). As noted by the Fourth Circuit, the Maryland legislature has not authorized counsel for the State to waive sovereign immunity. *Linkenhoker v. Weinberger*, 529 F.2d 51, 54 (4th Cir. 1975). In fact,

Maryland statutory law expressly provides that the Attorney General's "representation does not deprive any State officer, State employee, or unit of the State government of any sovereign immunity that is available to the officer, employee, or unit." Md. Code Ann., St. Gov't § 12-306(b) (Westlaw 2018). Thus, Defendants' lack of compliance with a court order does not deprive them, or the State of Maryland, which is the true party in interest, of sovereign immunity as recognized by the Eleventh Amendment.

Because Gross's exhausted ADEA claim is barred by the Eleventh Amendment, the Court cannot exercise jurisdiction over it, and, therefore, it will be dismissed. Additionally, although the ADA claim is unexhausted, it, too, is barred by the Eleventh Amendment and will be dismissed.

### B. Unexhausted Claims

In addition to the barred ADEA and ADA claims, Gross has included in her complaint federal claims that she was discriminated against and retaliated against in violation of Title VII, 42 U.S.C. §§ 2000e–2000e-17, the Genetic Information Nondiscrimination Act ("GINA"), 42 U.S.C. § 2000ff-1(a)(1), and the Equal Pay Act of 1963 ("EPA"), as amended, 29 U.S.C. § 206(d). (Compl. ¶¶ 44–51.) Both Title VII and GINA require exhaustion of administrative remedies prior to bringing a lawsuit in federal court. *See* 42 U.S.C. § 2000e-5(f)(1) (Title VII); 42 U.S.C. § 2000ff-6(a)(1) (GINA; claims subject to same procedures and remedies as Title VII claims). The EPA claim need not be exhausted before filing suit and will be addressed later in this memorandum opinion.

It is well established that claims of employment discrimination that have not been administratively exhausted deprive the Court of subject-matter jurisdiction over them. *Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009). Consequently, it must be determined

whether Gross has exhausted her Title VII claim and her GINA claim. "'Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit.'" *Id.* at 300 (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 963 (4th Cir.1996)). Thus, if the claims made in a judicial complaint are reasonably related to a plaintiff's administrative charge and if they can be expected to follow from a reasonable administrative investigation, then those claims may be included in the subsequent lawsuit. *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000). The description of the conduct in the administrative charge must parallel the conduct described in the judicial complaint. *See Chacko v. Patuxent Institution*, 429 F.3d 505, 506 (4th Cir. 2005) ("We hold that a plaintiff fails to exhaust his administrative remedies where, as here, his administrative charges reference different time frames, actors, and discriminatory conduct than the central factual allegations in his formal suit.").

Gross's administrative charge alleged a claim of discrimination and retaliation in violation of ADEA. (Defs.' Mot. Ex. D, ECF No. 67-5.) The sum of her allegations was the following:

> I.      I was initially hired around April 2012 as a temp employee. Approximately one year later, Joyce Brown, Director of Alumni Relations Office, offered me a contractual secretary position. From day one Ms. Brown discriminated against the older employees in the department by subjecting them to intimidation, harassment, and demeaning behavior. Ms. Brown stated on several occasions that if we (older employees) wanted to stay, we had to do what she told us to do and due to our age if [*sic*] was difficult to find other employment. She also told me that I was old, along with my co-workers. Around August 2013 I was offered a promotion to the position of Administrative Assistant; however, Ms. Brown made it difficult for me to get [the] position. In August 2013 I complained about Ms. Brown's behavior to Shannon Dawkins, Manager, Customer Service and Professional Development. The discrimination and

retaliation escalated and I complained again on April 15, 2014. Later that day I was discharged.

II.    The reason given for my discharge was because I was an at will employee. After writing the President I was told I was discharged for being incompetent.

III.   I believe I was subjected to harassment, intimidation, unequal terms and conditions of employment, and discharge because of my age (55) and in retaliation for engaging in protected activity in violation of the Age Discrimination in Employment Act of 1967, as amended.

(*Id.*)

In her judicial complaint, Gross has alleged she was discriminated against "based on race, national origin, gender, disabilities, genetic information and age (40) or older." (Compl. ¶¶ 44, 49.) Obviously, the only one of those alleged bases of discrimination included in her administrative complaint was age. She never mentioned race, national origin, gender, disabilities, or genetic information in her charge. Nor is any of those bases reasonably related to a claim of age discrimination. As a result, her discrimination claims brought pursuant to Title VII and GINA have not been exhausted and the Court, consequently, lacks subject-matter jurisdiction over them. Since she did not engage in protected activity within the scope of Title VII and GINA, her claims of retaliation, also premised upon Title VII and GINA, fail to state a claim for relief. The Title VII and GINA claims will be dismissed.

### C.  Failure to State a Claim for Relief

The Equal Pay Act ("EPA") prohibits an employer from paying employees of one sex less than what is paid to employees of the opposite sex when the employees perform "equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex." 29 U.S.C.

§ 206(d)(1).  Retaliation for engaging in protected activity relating to the EPA is also prohibited. 29 U.S.C. § 215(a)(3).

Not one factual allegation is made in Gross's complaint to support a claim under the EPA.  She merely invokes the name of the Act and offers only her bare conclusion that Defendants violated it.  This claim fails to state a claim for relief and will be dismissed.

### D.  State Law Claims

Gross's remaining claims of negligent hiring, retention, and supervision arise only under Maryland state law.  Having disposed of all federal claims in the lawsuit, the Court now declines to exercise supplemental jurisdiction over her state law claims.  See 28 U.S.C. § 1367(c)(3) (district court may decline to exercise supplemental jurisdiction over claim when all claims over which court had original jurisdiction have been dismissed).  Those will be dismissed without prejudice to refile in state court.

## V.  Conclusion

Gross's ADEA and ADA claims will be dismissed because they are barred by Defendants' sovereign immunity.  Gross's claims under Title VII and GINA are dismissed for lack of subject-matter jurisdiction and, to the extent her retaliation claims need not be exhausted, those claims are dismissed for failure to state a claim for relief.  Her EPA claim will be dismissed for failure to state a claim for relief.  The Court will decline to exercise jurisdiction over her state law claims.  Gross's motion for summary judgment will be found moot because no viable claims remain before the Court.  Finally, Defendants' motion to strike Gross's motion for summary judgment will also be found moot.

A separate order follows.

DATED this 19th day of April, 2018.

BY THE COURT:

_____/s/_____
James K. Bredar
Chief Judge